UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00784-FWS-KES                          Date: August 4, 2025
Title: Hector Bermudez v. Ford Motor Company

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

Not Present                                          Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND [15]**

      In this case, Plaintiff Hector Bermudez ("Plaintiff") brings a claim under the Song-Beverly Act against Defendant Ford Motor Company ("Defendant") related to an allegedly defective car. (*See generally* Dkt. 1-1 ("Complaint" or "Compl."); Dkt. 17 (order approving stipulation to dismiss fraudulent concealment cause of action).) Before the court is Plaintiff's Motion to Remand. (Dkt. 15 ("Motion" or "Mot.").) Defendant opposes the Motion. (Dkt. 18 ("Opposition").) Plaintiff filed a reply in support of the Motion. (Dkt. 19 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for August 14, 2025, is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the Motion is **DENIED**.

      "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the court determines it

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00784-FWS-KES                                             Date: August 4, 2025
Title: Hector Bermudez v. Ford Motor Company

---

lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus*, 980 F.2d at 566. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.* at 88-89.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, Plaintiff seeks (1) "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation to an authorized repair facility for a nonconformity," (2) "all incidental, consequential, and general damages resulting from [Defendant's] failure to comply with its obligations under the Song-Beverly Act," including "registration fees and insurance for the Subject Vehicle, (3) "the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action," and (4) "a civil penalty of up to two times the amount of actual damages for [Defendant's] willful failure to comply with its responsibilities under the Act." (Compl. ¶¶ 89-92.)

In the Notice of Removal, Defendant noted that "Plaintiff does not allege the value of the subject 2019 Ford F-150," but stated that Defendant's "preliminary investigation revealed that Plaintiff purchased the subject vehicle for $65,806.94 and an estimated $10,000 in total deductions including estimates of mileage offset, optional service contracts, GAP coverage, and negative equity," making "a plausible estimate of actual damages of $55,806.94." (Dkt. 1 at 4.) "Considering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney fees," Defendant argued that "the amount in controversy meaningfully exceeds $75,000." (*Id.* at 5.) The court finds that Defendant met its burden to show in the Notice of Removal "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89; *see, e.g.*, *Gruber v. Gen. Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (finding "the Song-Beverly Act

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00784-FWS-KES | Date: August 4, 2025 |
| Title: Hector Bermudez v. Ford Motor Company | |

claims alone place the amount in controversy above $75,000" when "GM alleged in the NOR that the average manufacturer's suggested retail price of [the relevant vehicle] was $38,875").

With the Opposition, Defendant provided further evidence supporting diversity of citizenship and the amount in controversy, including the Retail Installment Sale Contract, (Dkt. 18-2), and an AWS Claim List Report reflecting the relevant vehicle's service history, (Dkt. 18-3). The court finds the evidence submitted in Opposition meets Defendant's burden to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Dart Cherokee Basin*, 574 U.S. at 88-89; (*see generally* Opp.).

Plaintiff argues that Defendant failed to meet its burden to show the amount in controversy is met in the Notice of Removal and in Opposition because recovery of civil penalties and attorney fees under the Song-Beverly Act are not sufficiently certain to be properly included in the amount-in-controversy calculation. (Mot. at 4-8; Reply at 1-6.) The court is not persuaded. Plaintiff alleges he is entitled to recover civil penalties, (Compl. ¶ 92), and "[w]hile courts may need to be wary of punitive damages inflating the amount in controversy as a general concern, not much scrutiny is needed when the Song-Beverly Act expressly states the contours of the damages, and Plaintiff requests that amount." *Zeto v. BMW of North America, LLC*, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020). Accordingly, the court finds "civil penalties are not speculative and should be included." *Id.*

In sum, the court finds that Defendant has met its burden at every stage to sufficiently allege and demonstrate that the amount in controversy exceeds $75,000 and complete diversity exists between the parties. The Motion is therefore **DENIED**.

___